JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIAMAK ALIYARZADEH,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC et al.,<br><br>Defendants. | Case No. 2:21-cv-08039-MCS-PVC<br><br>**ORDER GRANTING MOTION TO REMAND (ECF NO. 21)** |

Plaintiff Siamak Aliyarzadeh moves to remand this case to the Los Angeles County Superior Court. (Mot., ECF No. 21-2.) Defendant FCA US LLC opposes the motion. (Opp'n, ECF No. 24.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I.    BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Aliyarzadeh bought a 2016 Jeep Wrangler in March 2016. This vehicle exhibited defects. FCA was unable to timely rectify the defects and refused to repurchase the vehicle or provide restitution. The Complaint seeks actual damages, restitution, rescission of the purchase contract, a civil penalty, consequential and incidental damages, punitive damages, reasonable attorneys' fees and costs, and other relief the

1

Court may deem proper. Aliyarzadeh alleges damages "not less than $25,001.00." (*See generally* Compl., ECF No. 1-1.)

Aliyarzadeh initiated this proceeding in the Los Angeles County Superior Court, No. 21STCV22939, naming as defendants FCA and the dealership from which Aliyarzadeh bought the vehicle. Asserting diversity jurisdiction, FCA removed the case after Aliyarzadeh dismissed the dealership, a nondiverse party. (Notice of Removal, ECF No. 1.)

## II.  LEGAL STANDARDS

### A.  Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B.  Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.

2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

The parties dispute whether the amount in controversy exceeds the jurisdictional threshold. The amount in controversy is not clear from the face of the Complaint: Aliyarzadeh expressly pleads for damages "not less than $25,001.00," but the prayer for relief does not indicate whether the total amount sought exceeds $75,000. (Compl. ¶ 10, Prayer for Relief.) *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, FCA must show that the amount in controversy more likely than not exceeds $75,000.

### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

FCA submits the contract price less the offset for use is $51,245.71. (Opp'n 15.) FCA fails to meet its burden to show this calculation is appropriate. FCA calculates the offset based on the mileage reading from Aliyarzadeh's January 23, 2018 visit to the dealership to remedy an issue with the vehicle. (Proudfoot Decl. Ex. 4, at 27–30, ECF No. 24-1.) But Aliyarzadeh initiated multiple repair requests over several years. (*See* Compl. ¶¶ 14–17; *see generally* Proudfoot Decl. Ex. 4.) FCA does not adduce evidence showing why the mileage offset should be calculated based on the January 23, 2018 visit instead of a prior or subsequent visit to fix other complained-of defects. If based on a later visit, the mileage offset would significantly dimmish the measure of actual damages. (*See, e.g.*, Proudfoot Decl. Ex. 4, at 36–38 (indicating Aliyarzadeh sought

repair of the vehicle when the odometer read 15,431 miles); *accord* Compl. ¶ 17.) FCA fails to show by a preponderance of the evidence that a mileage offset based on the January 23, 2018 repair visit provides the proper measure of actual damages. At best, FCA's calculation of actual damages is speculative and self-serving.

### B. Civil Penalties

Aliyarzadeh may be entitled to a civil penalty no greater than twice the amount of actual damages only if FCA's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

The Complaint alleges Aliyarzadeh is entitled to a civil penalty. (Compl. ¶¶ 121, 128, 131, 135.) In support of its argument that the maximum civil penalty should factor into the amount in controversy, FCA points to Aliyarzadeh's allegations of willful conduct in support of his fraudulent inducement claim. (Opp'n 18.) But those allegations pertain to FCA's purported fraudulent concealment of a known defect—not its willful failure to comply with its obligations under the SBA. (*See* Compl. ¶¶ 142–48.) In any event, FCA presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *Savall*, 2021 U.S. Dist. LEXIS 81477, at *8 ("Other than referring to Plaintiff's allegation that FCA acted willfully, however, FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded. . . . If such boilerplate allegations [in a complaint] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-

4

10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award.").

Even if FCA could support its argument for a civil penalty with evidence, because FCA fails to establish actual damages beyond speculation, FCA fails to show the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

### C. Fees

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

FCA argues Aliyarzadeh's request for fees should be considered in the calculation for the jurisdictional minimum. FCA cites several cases in which "Plaintiff's attorneys in Song Beverly cases tried or prepared for trial regularly request more than $65,000." (Opp'n 18–19.) Neither FCA nor its counsel provides an explanation substantiating why this case will generate fees in that amount. FCA "provides no explanation for why this case is similar to ones that went to trial." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11; *accord Schneider*, 441 F. Supp. 3d at 914 ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases." (citation omitted)). Even

5

if fees recovered or sought in prior cases present competent evidence of counsel's rates, they do not provide probative evidence of the hours that might reasonably be expended in this case. *Cf. Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold); *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *11 (finding burden unmet where defendant failed to "provide an estimate of the hours that will be incurred").

### D. Summary

The amount in controversy is not clear from the face of the Complaint. FCA fails to present nonspeculative evidence that the amount in controversy exceeds $75,000. Accordingly, FCA has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

### IV. CONCLUSION

The Court grants the motion. The case is remanded to the Los Angeles County Superior Court, No. 21STCV22939. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: February 18, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE